**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

CLAUDIO MOLINA-AVILA,               )
                                    )
                    Petitioner,     )
                                    )
-vs-                                )       NO. CIV-26-0478-HE
                                    )
PAMELA BONDI, United States         )
Attorney General, et al.,[1]        )
                                    )
                    Respondents.    )

## ORDER

Petitioner Claudio Molina-Avila seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the habeas petition, Mr. Molina-Avila is a native of Mexico who applied for a U Visa on February 1, 2019. Over five years later, on June 26, 2024, petitioner was issued a Bona Fide Determination indicating his U visa was bona fide. He was also granted deferred action and employment authorization until December 8, 2028. Despite petitioner's deferred action and employment authorization status, ICE arrested and detained him on February 26, 2026. On the same day, ICE initiated removal proceedings against petitioner by issuing a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I), for being an alien present in the United States without being admitted and lacking valid entry documentation. The petition indicates petitioner is subject to mandatory detention pursuant to 8 U.S.C.

---

[1] In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin, Secretary of U.S. Department of Homeland Security, is substituted for Kristi Noem, Secretary of U.S. Department of Homeland Security.

§ 1225(b)(2)(A), and he is currently housed at the Kay County Detention Center in Newkirk, Oklahoma.

Petitioner filed his habeas petition on March 12, 2026. He claims his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act and the Fifth Amendment due process clause.  He also claims that in light of his deferred action and employment authorization status, his detention, without due process of law, violates the Fifth Amendment due process clause.  Petitioner requests, as part of his relief, release from custody, or alternatively, a bond hearing pursuant § 1226(a).  As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply.  The matter is at issue.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, but assert their response is filed to preserve their appeal arguments.  Respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit Courts of Appeals in Avila v. Bondi, No. 25-3248, ___ F.4th ___, 2026 WL 819258, at **3-6 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider

its prior ruling.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

---

[2] *See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at \*\*3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at \*1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at \*2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at \*1 (W.D. Okla. Nov. 20, 2025).*

[3] *The court declines to decide the merits of petitioner's Fifth Amendment due process claims alleged in Counts I and II of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.*

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 2nd day of April, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4