**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CLAUDIO MOLINA-AVILA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | NO.  CIV-26-0478-HE |
| TODD BLANCHE, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

The court previously granted petitioner's petition for writ of habeas corpus to the extent of ordering him released if respondents did not provide a bond hearing pursuant to 28 U.S.C. § 1226(a) within seven business days.  Within that period, a hearing before an Immigration Judge was held and petitioner was denied bond on the basis of being a flight risk.  Petitioner has now filed a motion to enforce the court's prior order, contending that the hearing was a sham and that no meaningful consideration was given to the possibility of release on bond.  The Immigration Judge's order, unlike most the court has seen in recent years, was extraordinarily brief and, among other things, stated "No relief in front of the court;" "speculative relief if any", and "*Matter of Hurtado* may still apply in this case," with no discussion of what was intended or meant by those comments.

Given the cryptic nature of the order, this court is unable to determine whether the Immigration Judge exercised meaningful discretion to make a bond determination pursuant

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Todd Blanche, in his official capacity as acting Attorney General of the United States is substituted as respondent for Pamela Bondi.*

to § 1226(a) or whether he simply refused to follow the court's order based on his or some other court's view of the legal issues involved.  Those alternatives lead to very different places.  This court lacks jurisdiction to review a discretionary bond determination if one was meaningfully made, 8 U.S.C. § 1226(e), but it most assuredly has jurisdiction to enforce its own orders and to assure they are followed absent a stay pending appeal to a higher court.

In these circumstances, Petitioner's Emergency Motion to Enforce the Court's Order [Doc. #15] is **GRANTED** to this extent:  respondents are **ORDERED** to release petitioner within **seven (7) business days** from the date of this order unless, in the meantime, (1) the Immigration Judge conducting the prior hearing issues a supplemental order explaining the basis for his decision in sufficient detail for this court to resolve the question referenced above, or (2) respondents provide petitioner with a new bond hearing pursuant to § 1226(a) where the basis for decision is made reasonably clear.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days.**

**IT IS SO ORDERED**.

Dated this 24th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

2