**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CLAUDIO MOLINA-AVILA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | NO.  CIV-26-0478-HE |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **ORDER**

On April 2, 2026, the court granted petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 to the extent of ordering him released if respondents did not provide a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days [Doc. #13]. Respondents provided petitioner with a bond hearing and, by order dated April 6, 2026, the Immigration Judge denied petitioner release from custody on the basis of being a flight risk.

The same day, petitioner filed an emergency motion to enforce the court's order, contending that the hearing was a sham and that no meaningful consideration was given to the possibility of release on bond.  Respondents responded in opposition to the motion and petitioner replied.  Because the court was unable to determine whether the Immigration Judge exercised meaningful discretion to make a bond determination pursuant to § 1226(a), which the court would have no jurisdiction to review, or whether he simply refused to follow the court's order based upon his or some other court's view of the legal issues involved, the court entered an order [Doc. #20] on April 24, 2026 granting the emergency

motion.  The court ordered respondents to release petitioner within seven (7) business days unless, in the meantime, (1) the Immigration Judge conducting the prior hearing issues a supplemental order explaining the basis for his decision in sufficient detail for this court to resolve the question referenced in the order, or (2) respondents provide petitioner with a new bond hearing pursuant to § 1226(a) where the basis for decision is made reasonably clear.

Subsequent to the April 24th order, respondents provided petitioner with a new bond hearing conducted by the same Immigration Judge.  By order dated April 30, 2026, the Immigration Judge again denied petitioner release from custody on the basis of being a flight risk.  Similar to the April 6th order, the April 30th order was extraordinarily brief and again stated "No relief in front of the court" and "Matter of Hurtado may still apply in his case." [Doc. #21-2].  And while the Immigration Judge found petitioner to be a flight risk, he did not explain the basis of the decision in any meaningful way.  Later that day, petitioner filed a second emergency motion to enforce the court's orders [Doc. 21]. Respondents have responded and petitioner has replied.

The court concludes that the order arising from the second hearing is subject to the same infirmity as that arising from the first.  It does not provide sufficient information for the court to evaluate whether or not the judge conducted a hearing consistent with this court's prior order or not.  This court lacks jurisdiction to review a discretionary bond determination if one actually, in substance, took place.  8 U.S.C. § 1226(e).  But this court is not obliged to assume one occurred in the absence of even a minimal showing acknowledging the authority of the immigration judge to make a bond determination

consistent with this court's prior order.  Continued recitations suggesting the absence of available relief or the possible application of conflicting legal theories cause the immigration judge's order to fall short of even that minimal standard.   In such circumstances, and as two opportunities to resolve the matter have failed to do so, the court concludes petitioner's second motion to enforce the court's orders should be granted and the original habeas order given full effect.  *See* <u>Paramjit Singh, Petitioner, v. Warent, Otero County Processing Center, et al.</u>, No. 2:26-cv-00853-DHU-LF, 2026 WL 1236123, at *2 (D.N.M. May 5, 2026) (ordering petitioner's immediate release from detention for failure of the Immigration Judge to follow court's order with respect to a § 1226 bond hearing).

Petitioner's Second Emergency Motion to Enforce the Court's Orders [Doc. #21] is **GRANTED**.   Respondents are **ORDERED** to release petitioner from custody **FORTHWITH**.  They are further **ORDERED** to certify compliance with this order within **three (3) business days** from its entry.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

3